Good morning ladies and gentlemen. Welcome to the May term of court. First case of the day is 114899, People of the State of Illinois v. Lance H. Are the parties ready to proceed? We are, Your Honor. May it please the court, I am Assistant Attorney General Richard Huzak, counsel for the people in this case, and I urge the court to reverse the appellate court and to affirm the circuit court's judgment finding the respondent to be a person subject to involuntary admission in a mental health facility. The core question in this case involves an issue of statutory interpretation, and that is whether Section 3-801 of the Mental Health Code imposes upon a circuit court presiding over an involuntary commitment proceeding any affirmative duties with respect to the respondent's request or desire for voluntary admission to the facility where the facility director has not approved that request. And I urge the court to answer that question in the negative, to find that Section 3-801 does not impose on the circuit court in such circumstances any of those affirmative duties as they have been advocated by the respondent in this case or found by the appellate court in its opinion below. And specifically, the court should hold that Section 3-801 does not require a circuit court to decide itself whether the respondent should be voluntarily admitted. It does not require the circuit court to review the merits of a facility director's denial of request for voluntary admission. It should not require a circuit court to accept a request for voluntary admission. What should a circuit court do then when the request is made? It certainly has discretion in the management of the case and in light of the circumstances presented to allow the respondent to seek a continuance to prepare and submit an application to the facility director and even to wait until the facility director decides that request before continuing the case. But I want to make this distinction clear. It does not impose upon the circuit court an affirmative duty to suspend the proceeding simply when the respondent says, oh, I'd like to be admitted on a voluntary basis. Do you agree or concede that the oral request is proper during a hearing for involuntary admission? No, no. Our position is that the structure of the Mental Health Code is very clear. Article 4 governs voluntary admission proceedings. It specifies in detail the requirements for applications. It says that they have to be in writing, they have to be executed, and they have to be submitted to the facility director. And our position is that Section 3-801 says nothing to the contrary. It does not authorize a respondent in an involuntary case to bypass and circumvent all of those carefully structured rules and simply say to somebody other than the facility director, in this case the circuit court that has a job at hand, which is to decide the involuntary commitment case, I want to be admitted on a voluntary basis. He's in the wrong place to ask for that. The court doesn't have authority to be the messenger or the agent for the facility director with that type of thing. Again, though, the court does have the power, not the statutory duty, but the discretionary power and the management of its case to say, okay, do you want a continuance? I can grant a continuance here for you to submit a proper application to the facility director and for the facility director to decide that. But if the Section 3-801 is clear that even if the facility director approves the request, that doesn't require the circuit court to stop the involuntary commitment proceeding. It's clear that even if that's approved, the court can go ahead with the involuntary commitment proceeding. Then it's hard to imagine that an unapproved request or a mere oral expression of a desire to submit a request would be enough to suspend the proceeding. When in this proceeding did this respondent make that request? At the trial? Yes, I know it was during, but do we know? No, all we have is a transcript that in the course of the trial, during the respondent's case, I believe, he was represented by counsel as the code provides, and his counsel said, I want to inform the court that the respondent indicates he'd like to be admitted on a voluntary basis and a due testimony, and I think the final statement by the lawyer was to ask his client, the respondent here, and do you understand yourself to be requesting voluntary admission? And he said, yes, I am. And of course, that's directing the request to the wrong person in the wrong place. And so if I could follow up briefly on a point that we made in our reply brief, and I think bears emphasis here, which is that because the respondent represented by counsel didn't ask for a continuance in the court's discretion and didn't argue in the appellate court that it was an abuse of discretion for the circuit court not to have granted one even without a formal request in the circuit court, there is no basis in this court to now find that there was an abuse of discretion by the circuit court in not granting a request that wasn't made and wasn't argued in the appellate court. The argument was always as a matter of statutory interpretation. Section 3-801 doesn't create discretion. It imposes a statutory duty to suspend the proceeding, and our position is that that is nowhere found in the language of Section 3-801. Courts can manage their courtrooms as they must with respect to the matters before them, but it doesn't mean that this statute creates upon, imposes upon the court in these circumstances, some mandatory duty that may be totally unwarranted. It could have been, this could be the deadline for the case to be heard subject to the requirements, the 15-day requirement of Section 3-800B. That was the subject of the court's recent decision in the James W. case where we had to deal, where the court had to deal with the jury demand made at the last minute in that case. And it was a troubling issue. Here there's sort of a similar concern. What if at the last minute the deadline for the case to be decided, the respondent says, I want to be admitted on a voluntary basis, and the court says, are you asking for a continuance? And the respondent says, no, no. I just want to be admitted on a voluntary basis. And the court says, my hands are tied. I've got a deadline here. Well, and the respondent says, well, you've got a statutory duty to grant me a continuance. So they're running out the clock. That can't possibly be right in these circumstances. Now, if the respondent says, yes, I am requesting a continuance, that tolls the deadline under 3-800B. That would give the court the opportunity to say, okay, I'm not running up against the clock now, and you may well be a suitable candidate for voluntary admission. I want the facility director to decide that, make sure you've got your counsel, you know, help you prepare your application, submit it to the facility director, let the facility director decide it. I'm not prejudging, by the way, whether if that petition is granted, I'm going to dismiss this case. I've got a statutory responsibility to decide, even if it is granted, whether I will dismiss this case. But let's see first what the facility director says, and then take it from there. And that's clearly what Section 3801 intends, is for the court, if it, to give the respondent an opportunity to make a formal request in accordance with the mental health code. And if it's granted, for the circuit court to say, hey, maybe I should dismiss this. Maybe in light of the therapeutic and clinical considerations, and it doesn't look like the respondent is trying to play a little game of revolving door, or game the system, you know, shenanigans here, that maybe it should be appropriate to dismiss the involuntary proceeding after I hear any objections by the petitioner, or by the people in this case. So our view is that as a matter of statutory interpretation, 3-801 is very clear in what it says. It says that the respondent can seek voluntary admission any time, up until there's an adjudication of involuntary commitment. And that if that request is granted by the facility director, then the circuit court may nonetheless still order involuntary commitment. That's all it says. It doesn't say any of these things that the respondent and the appellate court want to read into the statute. And our assumption is that the goal of statutory interpretation is to determine what the legislature intended by what it enacted, not to take omissions in the statute and read into them all sorts of things that may make sense as a matter of policy. But especially here, where the structure of the mental health code is explicit and detailed and specific with respect to the voluntary admission procedures, it begs credulity to suggest that with a few obscure words relating to the timing of a request pending an involuntary commitment proceeding, that the legislature intended to create this other parallel universe with all the details to be fleshed out by the courts as part of their responsibility to interpret statutes. It just doesn't make any sense that they would have intended that. Now, the genesis of this problem, I think, unfortunately, is an appellate court case decided before the current mental health code, 35 years ago, where the respondent submitted a written request for voluntary admission to the circuit court. And the appellate court said it was wrong for the circuit court not to decide that request for voluntary admission. Our position is that there wasn't even any authority under that version of the mental health code for the circuit court to be deciding whether to grant voluntary admission or not. The elephant in the room here is the constitutional right to due process. If a court is being asked to confine somebody involuntarily, that is a government-imposed deprivation of a liberty interest that implicates due process. There is no doubt about that. The U.S. Supreme Court has spoken. This court has spoken. Involuntary commitment is the type of thing that requires due process to be complied with. A request for voluntary admission and the denial of such a request for voluntary admission isn't the same at all. We're saying, no, we won't deny your voluntary request to go into a mental health facility. That's a horse of a different color. And so the mental health code recognizes that there is this spectrum of treatment conditions and possibilities. If there's a preference for voluntary admission for therapeutic reasons, the court made that clear in the Hayes case, there is a preference for less restrictive conditions, but it's not a one-size-fits-all situation. The facility directors and the courts share separate responsibilities in connection with the determination, what's the appropriate status for an individual? And a request for voluntary admission then does not become some get-out-of-involuntary-commitment-free card. The section 3-801 is absolutely clear on that point. Just because the facility director has approved voluntary admission doesn't mean you get out of involuntary commitment automatically. And then your request certainly doesn't get you out of involuntary commitment. So the idea here is that not every person who may be voluntarily or involuntarily committed has the right to say, oh, I want voluntary commitment, therefore you can't involuntary commit me. The code doesn't create any such proposition which would not be in the individual's interest necessarily and certainly would not be in the interest of the public at large. Those are, you know, that's the framework in which this is decided. And other than, you know, referring to the, you know, the key parts of my brief, what I want to emphasize is that the appellate court in this case relying heavily on the Byrd decision, which has been repudiated by subsequent appellate decisions, and finding no real support in the procedural language of 3-801 has created this long list of responsibilities that circuit courts have to follow with no real support in the text. And contrary to the structure of the Mental Health Code as a whole, we think that the concerns that the appellate court was trying to address can be fully accommodated. And if the court sees fit to provide guidance to circuit courts in the circumstances, for example, that Justice Berg identified, which is what he is supposed to do in these circumstances, we welcome that guidance. We welcome the court to identify the circumstances in which the circuit court, in its discretion, may grant a continuance in these circumstances. But to say that they have an affirmative duty to halt the proceedings, to treat an oral request as if it's a valid request for voluntary admission under the code, to decide themselves whether voluntary admission should be granted, or to create some strange hybrid review proceeding in which they're taking lie evidence to conduct administrative review of the facility director's decision to deny such a request, none of that finds any support in Section 3-801. It's inconsistent with the structure of the code, and we urge the court not to find such affirmative duties in Section 3-801. Unless the court has additional questions, I'd like to reserve my additional time for rebuttal. Thank you so much, Your Honors. May it please the Court, Counsel. My name is Barbara Gobin from the Legal Advocacy Service, and I represent the appellee Lance H. in this issue. The key issue in this case is the circuit court ignored my client's timely request for voluntary admission, which violates not only the Mental Health Code, but this court's precedent and policy of encouraging voluntary admission. As I can see, Lance H. has extensive mental health history, but he was making progress. The system was working. He was starting to help. Let's talk about the code for a minute. Okay. Where is there anything in the code that requires or, for that matter, even allows the trial court to act on respondent's oral request? Well, there's two ways to consider this. The statute says at any time prior to the adjudication. So if you look at the statute, if they wanted it not before the adjudication or during the trial,  Also, the court has an apprentice-parenti role of ensuring that the rights and responsibilities in the Mental Health Code are enforced for the person denied their liberty interest. Also, there's other precedent in cases of, let's say, involuntary medication case when the person has not received their written information about the drugs. The court has stopped the proceeding, continued it, so that the defendant can receive the written information. Are there any public policy concerns about allowing an involuntary hearing to be halted by using some words indicating that the respondent wanted to go voluntary? Is that a way to just game the system a little bit and bring the hearing to a halt? I don't think it's really a way to game the system. I think there's two concerns on this. It's almost like a person confessing error, that they're accepting responsibility. Oftentimes in practical cases, this is the first time the respondent has heard the whole mental health history and they recognize, oh, there is enough evidence for me to be committed. I acknowledge this. I recognize this. There is collateral consequences of voluntary versus involuntary admission, especially for the first time where there's an issue of the FOIA card and licensing. If you're voluntary, you get less repercussions than involuntary admission. So you don't just see two different tracks here, that there's a process for voluntary admission and there's a process for involuntary admission? You see a merger? I see a merger because it is under Section 800, court hearings. So the legislator, when in knowledge, what time can or how late can a person request to be voluntary? In the statute, it's very clear. At any time prior to adjudication, they can request. The state in their brief is asking the court to add additional requirements, to make it a written request to only the facility director. But that wouldn't make sense because at the court, maybe the facility director isn't there and so the person requests it to the state and to the court. I want to be voluntary. Does the court have the power to do that? Well, I'm not asking the court to have the power to accept or deny the voluntary admission, but to put a recess or adjournment while the facility director then decides the decision because of the collateral consequences. Even for a person who is already admitted, because this court has decided in Hayes and Spelt, there are therapeutic benefits of being a voluntary person. They are acknowledging the mental illness and their need for treatment. Under your interpretation, is there any point during the hearing for involuntary admission when it would be too late to request voluntary admission? Well Did you wait until the judge heard all the evidence and was starting to make their findings and then say, oh, wait a minute, I want to go voluntary? I think that would be too late once there is an order entered or the decision made. Well, I'm talking about prior to an order being entered. Yeah. Well, it says any time prior to the adjudication. So that's entry of the judgment. Any time up until the time the judge says it should be involuntarily admitted, it should be suspending the proceedings? Yeah. Or should do that sua sponte without a request? Is that right? Right. And, you know, it's acknowledging. Maybe in another case the person already submitted the voluntary admission request and the State can say, no, we already submitted it. It went through the appellate process, I meant the administrative appeal process. But it's very clear any time prior to the adjudication. And then the thing is, if we accept the State's argument that that's not a valid time, when is the time? It will create more confusion. If the court, in fact, sua sponte suspended the hearing, for how long could the court do that? You have, of course, the other issue of this 15-day window. Well, I think, you know, the administrative appeal process with this is a very quick one, so it would be a week to two weeks. If the person is voluntary, I don't think it's detrimental to ask for a or to suspend it for a week or two weeks until this process is completed. What if it took longer? Isn't there a right for administrative review? What if the voluntary process took longer than the 15 days? Well, if the person is willing to be voluntary, I think they are conceding to the continuance for this process. So you, that's a new idea. So you think that if someone is asking for a voluntary commitment process versus the involuntary commitment petition before the court, that that's a request for a continuance? I think so. It's or, you know, it's a request for a continuance to become a voluntary patient. And so the 15 days wouldn't apply? I think so, because they are requesting it. Were any of these arguments made in the trial court? No. Though the public defender, and I think there needs to be guidance on this. I mean, the public defender did ask twice, and my client was clear that I want a request to be voluntary on this. I think there is some confusion on whether the issue of least restrictive form of treatment, which is a voluntary mission, and what can the, let's say the facility director denied the application, what can the court consider on that issue of voluntary? And we would say because of due process, that could be a defense of the least restrictive environment. But the key question here is the State is trying to add qualifiers to the clear language here that my client can request to be voluntary any time prior to adjudication. Counsel, do you concede that even though the oral request is made, that your client would have to proceed under 3-400 and 401 to be followed up by a written? Right. And the written is to provide notice to the respondent of what he's signing. So because there were abuses in the past of oral or voluntary, and to ensure that they are really, truly want to be voluntary patient. So we're not trying, the way I think if you consider 801 versus 401, is 801 is the request. You know, a person is first requesting to be voluntary. Then the Department of Human Services provides the patient with the written information. So you can't start the process without the request. It would be illogical for the client to draft their own written request to be voluntary because it has notice provisions of the rights and so on. Do you think it's automatic then the circuit court on an oral request like this grant the continuance? I think so. It's a key part. It's like asking for a jury demand or an independent examiner. And, you know, the mental health code is to encourage voluntary admissions. And if you take analogous situations like someone confessing error or like a juvenile proceeding when the parents say, yes, I'm willing to give up the rights over the children, then the trial court would not then proceed with the involuntary hearing. They would probably, you know, adjourn the hearing while, you know, the process has worked. And I would say this is similar. The client is saying, yes, I'm willing to be hospitalized. So why is the state forcing treatment when the client is willing to accept the treatment? So basically, you know, my client is making progress. He's making steps toward this. We're not asking for any additional requirements within the code, but just to simply follow it that any time prior to adjudication, a person has the right to make a voluntary request. And within the precedent of the mental health code, there has been allowing, let's say, for jury demands, you can do an oral request or an oral request for an independent examination. So there has been leniency of requiring the respondent to make an oral request to enforce their rights. Are you saying an oral request is sufficient or an oral request is sufficient if it's followed by a written request? Right. It's an oral request. I'm going to be voluntary. Then the court adjourns or, you know, maybe the facility director then has a written application, and then the person follows the 401. So if the code wanted the written application to apply to Section 801, they would have said application, written application to facility director. But they precisely used the term request, which can encompass both written and oral forms. It seems that the State is arguing 801 just simply says time. When is a time when the request and then the 3400 series kicks in? You're indicating that the request, if that request is made, that also is a request for a continuance. What if the respondent says, no, I don't want a continuance. I've got my 15-day time limit running, but I want to request voluntary admission. What happens then? Well, then I think, to be honest, I think they would proceed. Then it shows contradictory that it really is. Like, I want to be voluntary, but I want the involuntary proceeding to proceed for me to be free. So you're premising your argument that this request is really a request for a continuance, which was never made to the trial court. Right. The trial court has a duty to grant a continuance that he doesn't want. Well, or he's really, my client's really requesting almost a confession of judgment, that he's requesting to be involuntarily admitted. You know, and it would save judicial resources by being voluntarily admitted. I mean, Linsage had numerous reviews and so on, but now he's voluntary, so there You know, it does save judicial proceedings. And I think, you know, the troubling is what would happen if we confirmed the circuit court's action. And, you know, there has been a troubling precedent of the circuit courts ignoring some of the rights and responsibilities of conducting pro forma hearings. Here the client clearly twice said, you know, affirmed that he's requesting to be voluntary. And none of the parties did any action toward it. Well, it only saves judicial resources if he follows through on the written request and doesn't withdraw his request, right? Because otherwise then you're back with another date for another hearing on the involuntary admission. Right. I mean, there was an analogous situation in the Fourth District where the person requested to be voluntary, they continued the case, the facility director denied then they granted the involuntary commitment because she didn't have the capacity and it wasn't therapeutic because she was going to abuse the system. So I think it's analogous to this situation. I think it's just troubling if we affirm the circuit court's just totally ignoring this. I think there needs to be guidance that a voluntary admission, which is almost like a confession of judgment or agreeing to treatment, should be taken like a jury demand or independent examination demand that the circuit court should acknowledge this, adjourn the case, and then most of the time, 99 percent of the time, if a person is voluntary, then the State does not proceed with the court case. Well, let me ask you this. You're saying that the petition is filed and this is like a plea of guilty or a confession that the Respondent here is agreeing, basically, to the basis. Is that true? Isn't voluntary commitment very different from involuntary commitment as to the procedures that follow? Well, voluntary commitment, you get more rights. You get confirmation and you get less collateral consequences. So if the State really wanted the, even though the voluntary was granted, if they wanted the collateral consequences, I guess they could proceed that way. So it's technically not a full confession, but it is saying I agree to have treatment, so why should a person be forced to have treatment when they agree to have it? But there are other, as you say, you mentioned the collateral consequences, but what about the issue about a voluntarily committed person can leave, can decide they don't want to be voluntarily committed anymore? It's a totally different process that kicks in, correct? Well, if they decide to leave and it's politically unsuitable, then the hospital has five business days to file a written petition for involuntary commitment. So it doesn't affect the public health and safety by letting a person be voluntary. There is a presumption for voluntary, and the only two reasons a facility director can deny being a voluntary is if they lack the capacity or if it's unsuitable for treatment. And basically that's the thing when they abuse the system of keep signing the five-day notices. So there is a presumption for that. Is there any indication in the record as to the mental status of Lance himself? Well, there was no, to be honest, there was no access to, which is mental retardation, developmental disability. There was no stating that he lacked the mental capacity to make this. There was no testimony, like in other cases which affirmed involuntary where the person signed or made escape attempts. There is indication that he was voluntarily taking the medication, which is another sign toward this. You know, we're not disputing that a party needs to file a written application form. But common sense is that the party first must request it orally. And the statute is very clear that it can be any time prior to adjudication. If we accept the state's argument, we're adding language and making it harder for someone to become voluntary, where the policy, the precedent, and the statute itself encourages voluntary admission. There may be some confusion with the issue of, I just want to address it briefly, if someone's denied, it can be a defense under the least restrictive process. So for these reasons, we respectfully request that the circuit court affirm the appellate decision and give guidance to the circuit court with regards to this issue. Thank you. Thank you. Mr. Husserl. May it please the court, I just have a few observations, primarily in response to the court's questions to Ms. Gavin. It is correct that the Mental Health Code sets forth two separate tracks for two different determinations based upon different substantive standards and made by different decision makers. The decision whether to approve a request for voluntary admission is made by the facility director, subject to the right of administrative review. And the decision whether to involuntarily commit someone and deprive them of their liberty involuntarily is made by the circuit court. Those are different tasks, different questions, different substantive standards, and different procedures that apply. And so the idea that it is somehow the circuit court's responsibility to oversee and supervise the process of a voluntary admission determination by the facility director does not find any support in Section 3-801 of the Mental Health Code. My opposing counsel indicates that we are trying to write new sorts of conditions into Section 3-801. I would respectfully submit that exactly the opposite is true. All that Section 3-801 says with respect to the court's responsibility or what happens during an involuntary case is that the respondent can submit it at any time, can make a request at any time before there's a final involuntary adjudication. It doesn't impose upon the circuit court any responsibilities with respect to that. There's nothing in the text of that statute that says it has to suspend the case or it has to process the application, it has to shepherd it over to the facility director. None of that appears. The other side, however, is trying to suggest that all those duties should somehow be written into Section 3-801. And if we're focusing on a question of statutory interpretation, the starting point is the text of the statute. And I say if you look for any of these duties that they say are in Section 3-801, where are they? Where is the language to support them? They aren't there. And it's important to emphasize that even Section 3-801 itself makes clear that it's the facility director, not the court, that has the responsibility to make a decision with respect to a request for a voluntary admission. To the extent that, as I indicated earlier, a statement like the respondent made in this case might be deemed to be a request for a continuance, to follow the procedures, to submit a written application to the facility director, we don't have any objection to the notion that the court has that discretionary power. We don't think that issue has been preserved in this case as a basis to suggest that without such a request and without it having been argued in the appellate court, that it's a grounds to reverse the circuit court's judgment in this case. But again, we're saying that there's no affirmative duty to suspend the case automatically, even at the twelfth hour, just because the person says, I'd like to be admitted on a voluntary basis. It is not an either-or proposition again. It is not that you're admitted on a voluntary basis or on an involuntary basis. Somebody who's denied voluntary admission may not be found subject to involuntary admission. And conversely, somebody who is granted a request for voluntary admission doesn't necessarily avoid involuntary commitment. There can be the separate decisions by the two decision-makers in this case that either work together or that are in potential conflict. And the court has the final word on whether there will be an involuntary commitment. So I disagree with the notion that the respondent's offer to go in on a voluntary basis is tantamount to a confession of judgment. It isn't. The petition asks for involuntary commitment, to say, oh, well, I'll go in on a voluntary basis, which means that I have the right to leave whenever I want to. There's a presumption of the ability to leave upon request, subject to five days' notice to the facility director. That's not anywhere close to a confession of judgment. The whole purpose of voluntary admission, we agree, and it's suitable for many people in many circumstances, is to give them a greater sense of control over their own destiny, a greater sense of responsibility for their own mental health and well-being. And that may be suitable and appropriate in a lot of cases, but it's not necessarily suitable and appropriate in all cases. And when it's not, the person who's subject to an involuntary commitment proceeding doesn't have the ability to say, stop the presses, you can't proceed, I want to go in on a voluntary basis, and if that's granted, then, you know, please go away, I don't want to have anything to do with you, and I don't want you to have anything to do with me. That's not the way the system works. I do find it helpful that the opposing counsel agrees that the court can provide discretion with respect to the guidance it can give the circuit courts in treating these requests or suggestions of a desire to be voluntary admission as a basis for the circuit court to exercise its discretion with respect to whether to grant a continuance. And I think it would be helpful if the court makes clear that the respondent, whether the respondent has to then say formally, yes, I am requesting a continuance, or I'm not. Because if they're saying no, then we have the deadline problem that we faced in James W. I also appreciate what I believe was the concession, that the actual formal application to the facility director has to comply with provisions in Article 4 of Chapter 3, the written application. The court wants to give the respondent additional time to submit one, that's fine. But on this record, we submit that the appellate court's decision both as to the reversal of the involuntary commitment order and as to its interpretation of Section 3801 should be reversed and the circuit court's judgment should be affirmed. Thank you, Your Honors. Thank you. Case number 114899, people of the State of Illinois v. Lance H. is taken under advisement as agenda number one. Mr. Buziak, Ms. Colvin, thank you for your arguments today. You're excused at this time.